## MOFFAT *v.* MCKISSICK.

PARTNERSHIP. *Bills and notes. Right to recover on note signed by name different from firm name, etc.* Ordinarily, a firm must bind itself by its proper firm name, but to this there are exceptions. If the firm had, by use, adopted a name somewhat differing from that stipulated in the articles of partnership, and if under that different name it borrow money for the benefit of the firm, the money may be recovered of the firm by the name under which they may have executed the security sued on.

### FROM GILES.

Appeal from the Circuit Court.

T. B. LOGAN for plaintiff.

W. &. F. SMITHSON for defendants.

DEADERICK, J., delivered the opinion of the court.

Suit was brought before a justice of the peace of Giles county on a note for $193.60, signed " Elias Malone & Co., Still House," against said Malone and the defendants as partners.

Judgment was rendered by the magistrate in favor of plaintiff, and upon appeal by defendants to the circuit court, judgment was there rendered for defendants, and plaintiff has appealed to this court.

A reversal is sought here on the ground that the charge is erroneous. The partnership articles between defendants and Malone are exhibited in the record, and show that the three agreed to become partners

in distilling whisky and brandy, and that Malone was to manage and run the distillery in his own name.

It is insisted by defendants that plaintiff was also a secret partner, but he does not seem to have received any part of the proceeds of the business.

Plaintiff was a U. S. revenue officer, and loaned money to buy stamps to put upon the whisky barrels, and for this loaned money the note in question was given.

It is insisted by defendants that the note not having been signed in the firm name, that is, "Elias Malone," it is not binding upon the firm, even if the money received was used for partnership purposes.

Malone says he signed the firm notes in the way in which the note in contest is signed to distinguish the notes of the firm from his individual obligations. The court told the jury that where partners agreed upon a firm name, one partner, in the absence of the others, could not bind the firm by a different name, and the plaintiff could only recover against the partner who signed the note, notwithstanding the money borrowed went into the partnership, that he might recover in action of assumpsit for money had, etc., but he could not recover on the note, though the firm had had the benefit of the borrowed money.

Ordinarily, a firm must bind itself by its proper firm name, but to this we think there are exceptions. If the firm had by use adopted a name somewhat differing from that stipulated in the articles of partnership, and if under this different name it borrow money for the benefit of the firm, the money may be

recovered of the firm by the name under which they may have executed the security sued on.

If money is loaned to one member of the firm upon the credit of the firm, and with the assent of the members of the firm, and a note given with the knowledge of the firm, or their assent, express or implied, and the money goes to the use and benefit of the firm, we see no reason why they should not be bound for it, although the note given for the money may differ in the mode of the signatures of the firm from that prescribed by the terms of the partnership articles.

Partners may bind themselves by other than such prescribed firm name, if they choose to adopt for convenience, or to prevent confusion, a different mode of executing their obligations or contracts from the one prescribed by their original agreement.

There is evidence tending to explain the reason for this change, and in view of the facts presented in the record, we think the charge of his honor, the circuit judge, though in the main correct, was too broad, and calculated to mislead the jury into the belief that under no circumstances could the firm be bound by the execution of a note by one member of the firm, in a different name than that agreed upon, unless all the members were present assenting thereto.

Let the judgment be reversed and a new trial be had.